UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FORD MOTOR CREDIT, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 7262 |
| | ) | |
| VALENCIA BURKS, | ) | Judge Castillo |
| | ) | |
| Defendant. | ) | (formerly case No. 04M1-184609 in |
| | ) | the Circuit Court of Cook County, |
| In the Matter of the November 28, 2007 | ) | Illinois.) |
| Judgment Order Against the U.S. Government | ) | |
| Great Lakes Commissary | ) | |

## UNITED STATES' MOTION TO VACATE

The United States of America, by Patrick J. Fitzgerald, United States Attorney for the

Northern District of Illinois,  moves to vacate the November 28, 2007 judgment order against the

U.S. Government Great Lakes Commissary, and in support, states as follows:

1.     On November 28, 2007, plaintiff obtained a judgment against the U.S. Government

Commissary at Great Lakes ("Commissary") in the above civil action in the Circuit Court of Cook

County, Illinois, for $13,282.03, plus costs, arising out of a garnishment summons in a collection

action brought against an alleged federal employee, Valencia Burks   Ex. 1.

2.     The garnishment summons against the Commissary was apparently served at an

address at 2630 Green Bay Road, Great Lakes, Illinois.  Ex. 2.

3.     Title 5 U.S.C. § 5520a provides a limited waiver of sovereign immunity in actions

to garnish the wages of indebted federal employees. *First Virginia Bank v. Randolph*, 110 F.3d 75,

78 (D.C. Cir. 1997).

4.      Section 5520a's waiver of sovereign immunity is conditioned on proper service of process upon the appropriate agent designated by the federal agency.  5 U.S.C. § 5520a (c)(1)(A).

5.      The Department of Defense, which the Commissary is part of, has designated that the appropriate agent to receive process in such garnishment actions to be the Department of Defense. Defense Finance and Accounting Service, Cleveland Center, Office of General Counsel, Attention: Code L, P.O. Box 998002, Cleveland, OH 44199-8002 .  5 C.F.R. Pt. 582, App. A (Ex. 3).

6.      The state court judgment should therefore be vacated as entered without jurisdiction, as the garnishment action did not comply with 5 U.S.C. § 5520a, and was therefore barred by the doctrine of sovereign immunity.

7.      Because the state court lacked jurisdiction to enforce any garnishment summons against the Commissary, this court acquires no jurisdiction to enforce any garnishment summons upon removal. *Edwards v. United States Department of Justice*, 43 F.3d 312, 316 (7th Cir. 1994). The state court's November 28, 2007 order should therefore be vacated as void *ab initio* as being entered without subject matter jurisdiction.  *United States v. Sherwood,* 312 U.S. 584, 586 (1941); *Edwards*, 43 F.3d at 317.

WHEREFORE, the United States moves to vacate the Circuit Court of Cook County's November 28, 2007 judgment order against the U.S. Government Great Lakes Commissary, and to dismiss this action.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Ernest Y. Ling
        ERNEST Y. LING
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 353-5870
        ernest.ling@usdoj.gov